# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JAMES C. BALL,
>Appellant,

v.

DEPARTMENT OF VETERANS
AFFAIRS,
>Agency.

DOCKET NUMBER
AT-1221-18-0376-W-1

DATE: February 2, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

Sterling Deramus, Esquire, Birmingham, Alabama, for the appellant.

Michael Rhodes, Esquire, Montgomery, Alabama, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, we REVERSE the initial decision, and we REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

The appellant holds a GS-13 Clinical Psychologist position at the agency's Veterans Health Administration (VHA), Tuscaloosa Veterans Affairs Medical Center (TVAMC). Initial Appeal File (IAF), Tab 1 at 1, Tab 5 at 4-5. In November 2014, the Associate Chief of Staff (ACOS) of the Mental Health Department recommended the appellant to serve as a member of the selection panel for the Chief of Psychology Service position. IAF, Tab 5 at 6, 27. After the appellant expressed concerns about the selection process, he was removed from the panel by the Assistant ACOS of Mental Health, who served as the selecting official and chair of the selection committee. *Id*. at 6-7, 28-32. The eventual selectee for the Chief of Psychology Service position became the appellant's first-line supervisor. *Id*. at 7.

On April 6, 2018, the appellant filed the instant IRA appeal with the Board, and he requested a hearing. IAF, Tab 1 at 1-14. He included with his initial appeal a letter dated February 6, 2018, from the Office of Special Counsel (OSC). *Id*. at 15-16. In this letter, OSC informed the appellant of its determination to close its inquiry into his complaint and notified him of the right to seek corrective action from the Board through an IRA appeal for alleged prohibited personnel practices described under 5 U.S.C. § 2302(b)(8) or (b)(9)(A)(i), (B), (C), or (D). IAF, Tab 1 at 15-16. OSC described the appellant's complaint as alleging that he made the following protected disclosures: he reported to the Veterans Affairs (VA) Secretary that his supervisor had abused her power when she removed him from a hiring panel; and he submitted a request under the Freedom of Information Act (FOIA) regarding the hiring panel's process and hiring decision. *Id*. at 15. OSC further summarized the appellant's complaint as alleging that he was given a delineation of duties and a disciplinary reprimand in retaliation for making those disclosures. *Id*.

In an Order on Jurisdiction and Proof Requirements, the administrative judge informed the appellant that there was a question regarding whether his

appeal was within the Board's jurisdiction, apprised him of the elements and burden of proving jurisdiction over an IRA appeal, and ordered him to file a statement with accompanying evidence on the jurisdictional issue. IAF, Tab 3. In response, the appellant alleged that he made the following seven disclosures: (1) in November 2014, he complained to the Assistant ACOS about the inappropriate selection process for the Chief of Psychology Service position; (2) in November 2014, he complained to the ACOS about the inappropriate selection process and his removal from the selection panel; (3) on November 21, 2014, he emailed the VA Secretary about his concerns regarding the inappropriate selection process and his removal from the selection panel; (4) on January 30, 2015, he filed a request under the FOIA/Privacy Act for information related to the selection process; (5) on April 15, 2015, he submitted an additional request for information to the Acting Director of TVAMC; (6) in the spring/summer of 2015, he filed complaints with the agency's Office of General Counsel (OGC) regarding the actions of his supervisor, the Assistant ACOS, and the Acting Director; and (7) on September 11, 2015, he complained to the Acting Director about retaliation by the Assistant ACOS and an increased workload from his supervisor. IAF, Tab 5 at 14-15. The appellant further alleged that the agency took the following three retaliatory actions: (1) on November 21, 2014, he was removed from the selection panel; (2) on April 10, 2015, his supervisor issued him a memorandum titled "Delineation of Duties," which required him to schedule 30 patients per week in addition to performing his other duties and resulted in a significant increase in workload; and (3) on September 29, 2015, his supervisor and the Assistant ACOS issued him a reprimand. *Id.* at 16. In addition, the appellant raised allegations of a hostile work environment and general retaliatory harassment. *Id*. at 5-6, 16. The agency argued in response that the Board lacks jurisdiction over this appeal. IAF, Tab 6.

Without holding the requested hearing, the administrative judge issued a May 2, 2018 initial decision dismissing this appeal for lack of jurisdiction. IAF,

Tab 7, Initial Decision (ID) at 1, 6. Although the administrative judge found that the appellant proved exhaustion of his administrative remedy with OSC, the administrative judge further found that the appellant failed to nonfrivolously allege that he made a protected disclosure or engaged in other protected activity. ID at 2-6.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 2. The agency has filed a response. PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

In his petition for review, the appellant claims that the administrative judge failed to consider his response to the jurisdictional order.[2] PFR File, Tab 2 at 4-5, 29. The appellant has included an email dated May 2, 2018, in which the administrative judge admits that he incorrectly stated in the initial decision that the appellant failed to respond to the jurisdictional order. *Id*. at 32; ID at 2. The administrative judge explains in the email that he was unaware of the appellant's pleading when he issued the initial decision. PFR File, Tab 2 at 32.

The record shows that the appellant timely filed a jurisdictional response on April 23, 2018.[3] IAF, Tab 5. Accordingly, we agree with the appellant that the administrative judge erred in failing to consider his response on the dispositive issue of jurisdiction. Because the record has been fully developed on the jurisdictional issue, we are able to consider the appellant's response and to make jurisdictional findings at this stage without remand.

---

[2] In addition, the appellant reasserts on review the same or similar allegations that he raised in his response to the jurisdictional order. *Compare* PFR File, Tab 2 at 5-29, *with* IAF, Tab 5 at 4-25.

[3] The administrative judge ordered the appellant to respond within 10 calendar days of the date of the jurisdictional order, which was April 11, 2018. IAF, Tab 3 at 1, 8. Because the filing deadline fell on Saturday, April 21, 2018, the appellant had until Monday, April 23, 2018, to file a response. *See* 5 C.F.R. § 1201.23 (providing that, if a filing deadline falls on a weekend or Federal holiday, the filing period includes the next business day).

The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). An appellant bears the burden of establishing the Board's jurisdiction in an IRA appeal. 5 C.F.R. § 1201.57(b). To establish jurisdiction in a typical IRA appeal, an appellant must prove by preponderant evidence[4] that he exhausted his administrative remedies before OSC and make nonfrivolous allegations[5] that: (1) he made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in a protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a)(2)(A). *Corthell v. Department of Homeland Security*, 123 M.S.P.R. 417, ¶ 8 (2016), *overruled on other grounds by Requena v. Department of Homeland Security*, 2022 MSPB 39. Once an appellant establishes jurisdiction over an IRA appeal, he is entitled to a hearing on the merits of his claim, which he must prove by preponderant evidence. *Rebstock Consolidation v. Department of Homeland Security*, 122 M.S.P.R. 661, ¶ 9 (2015). For the following reasons, we reverse the initial decision because we find that the appellant has established jurisdiction over this IRA appeal.

The appellant proved by preponderant evidence that he exhausted his administrative remedies before OSC.

Under 5 U.S.C. § 1214(a)(3), an employee is required to "seek corrective action from [OSC] before seeking corrective action from the Board" through an IRA appeal. *Miller v. Federal Deposit Insurance Corporation*, 122 M.S.P.R. 3, ¶ 6 (2014), *aff'd*, 626 F. App'x 261 (Fed. Cir. 2015). The Board, in *Chambers v.*

---

[4] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

[5] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s).

*Department of Homeland Security*, 2022 MSPB 8, ¶¶ 10-11, clarified the substantive requirements of exhaustion. The requirements are met when an appellant has provided OSC with a sufficient basis to pursue an investigation. The Board's jurisdiction is limited to those issues that were previously raised with OSC. However, appellants may give a more detailed account of their whistleblowing activities before the Board than they did to OSC. *Id.* Appellants may demonstrate exhaustion through their initial OSC complaint; evidence that they amended the original complaint, including but not limited to OSC's determination letter and other letters from OSC referencing any amended allegations; and, their written responses to OSC referencing the amended allegations. *Id.* Appellants also may establish exhaustion through other sufficiently reliable evidence, such as an affidavit or a declaration attesting that they raised with OSC the substance of the facts in the Board appeal. *Id.*

Here, the appellant did not provide a copy of his OSC complaint or any other written correspondence to OSC. Nor did he submit an affidavit, sworn statement, or declaration under penalty of perjury explaining what claims he raised before OSC, as ordered by the administrative judge. IAF, Tab 3 at 7-8. However, as described above, the appellant submitted a letter from OSC identifying the claims that he raised in his complaint, and he does not dispute OSC's characterizations of his complaint.[6] IAF, Tab 1 at 15-16. Based on the OSC letter, the administrative judge made a general finding that the appellant proved by preponderant evidence that he exhausted his administrative remedy with OSC regarding the alleged protected disclosures and personnel actions he raised before OSC. ID at 2-3. Although we agree with this general finding, we clarify and supplement the exhaustion analysis as follows.

---

[6] We acknowledge that an IRA appeal is a de novo action, and the Board must therefore rely on its independent analysis of the parties' evidence and not on OSC's characterizations of the appellant's allegations, which are not binding on the Board. *Bloom v. Department of the Army*, 101 M.S.P.R. 79, ¶ 10 (2006). We only have considered the appellant's submission of the OSC letter as part of our exhaustion analysis, and note that he has provided no other evidence of exhaustion.

Based on the appellant's submission of the OSC letter, we find that he met his burden of proving by preponderant evidence exhaustion of his OSC remedies regarding his alleged disclosures in his November 21, 2014 email to the VA Secretary and in his FOIA requests on January 30 and April 15, 2015, and the alleged personnel actions of a delineation of duties and reprimand. IAF, Tab 1 at 15-16. However, we find that the appellant has failed to prove exhaustion of his OSC remedies regarding the additional reprisal claims raised in this appeal (i.e., alleged disclosures (1)-(2) and (6)-(7) and the alleged action of his removal from the selection panel). In particular, the OSC letter does not mention any alleged disclosures other than those made to the VA Secretary and in a FOIA request. IAF, Tab 1 at 15-16; *see Ward v. Merit Systems Protection Board*, 981 F.2d 521, 526 (Fed. Cir. 1992) (finding that in an IRA appeal the administrative judge justifiably refused to consider an issue that the appellant had not properly raised before OSC). Neither does the OSC letter discuss any allegedly retaliatory actions beyond a delineation of duties and a disciplinary reprimand. IAF, Tab 1 at 15-16; *see Ward*, 981 F.2d at 526. Although the OSC letter describes the appellant's alleged removal from a hiring panel as the subject of his alleged disclosure to the VA Secretary, this does not suggest that he claimed before OSC that the removal itself was a retaliatory action. IAF, Tab 1 at 15. Moreover, to the extent the appellant alleges that the delineation of duties and reprimand were part of a pattern of harassment creating a hostile work environment, we find that he has failed to prove that he exhausted his OSC remedies regarding such a claim. IAF, Tab 5 at 5-6, 16; *see Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 23 (2015) (finding that the creation of a hostile work environment is itself a personnel action), *overruled in part by Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 23-25; *see also Ward*, 981 F.2d at 526.

<u>The appellant has nonfrivolously alleged that he made a protected disclosure that was a contributing factor in a personnel action.</u>

The next jurisdictional inquiry is whether the appellant has made a nonfrivolous allegation that he made a protected disclosure or engaged in a protected activity that was a contributing factor in a personnel action. *See Corthell*, 123 M.S.P.R. 417, ¶ 8. A nonfrivolous allegation of a protected disclosure is an allegation of facts that, if proven, would show that the appellant disclosed a matter that a reasonable person in his position would believe evidenced one of the categories of wrongdoing specified in 5 U.S.C. section 2302(b)(8). *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 6 (2016). The test to determine whether a putative whistleblower has a reasonable belief in the disclosure is an objective one: whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee could reasonably conclude that the actions of the agency evidenced a violation of law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. *Id.*

To satisfy the contributing factor criterion at the jurisdictional stage, an appellant only need raise a nonfrivolous allegation that the fact of, or content of, the protected disclosure or activity was one factor that tended to affect the personnel action in any way. *See id.*, ¶ 13. Under the knowledge/timing test, an appellant may nonfrivolously allege that the disclosure or activity was a contributing factor in a personnel action through circumstantial evidence, such as evidence that the official who took the personnel action knew of the disclosure or activity and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure or activity was a contributing factor in the personnel action. *See* 5 U.S.C. § 1221(e)(1); *Salerno*, 123 M.S.P.R. 230, ¶ 13.

Here, the appellant alleged that his disclosures concerning the selection process for the Chief of Psychology Service position evidenced violations of a law, rule, or regulation, and an abuse of authority. IAF, Tab 5 at 18-21. Regarding his purported disclosure to the VA Secretary, the appellant asserted the following specific details: on November 21, 2014, he emailed the VA Secretary regarding the Assistant ACOS's possible abuse of authority in undermining the selection process and accused the Assistant ACOS of exercising "command influence" to achieve the end she had in mind and he stated that her selection was not one that would serve the best interests of TVAMC; and the VHA Acting Deputy Chief of Staff responded to his email on December 10, 2014, and placed the TVAMC Psychology Service on notice of his "grievances." *Id.* at 7, 15. In addition, the appellant submitted a copy of his email to the VA Secretary, which itself included excerpts of his emails with the ACOS and the Assistant ACOS that documented his appointment to and removal from the selection panel. *Id.* at 27-33. In his email to the VA Secretary, the appellant expressed his belief that the Assistant ACOS had a "hidden agenda" because she was not conducting the selection process in accordance with standard procedures and with full transparency. *Id.* at 33.

Based on the above, we find that the appellant has made a nonfrivolous allegation that his purported disclosure to the VA Secretary regarding the selection process for the Chief of Psychology Service position constitutes a protected disclosure. Specifically, we find that the appellant has nonfrivolously alleged that a reasonable person in his position could believe that his email to the VA Secretary disclosed the Assistant ACOS's abuse of authority in exercising her power as the selecting official and chair of the selection committee to manipulate the selection process. *See Mc Corcle v. Department of Agriculture*, 98 M.S.P.R. 363, ¶ 24 (2005) (stating that an "abuse of authority" occurs when there is an arbitrary or capricious exercise of power by a Federal official or employee that adversely affects the rights of any person or that results in personal gain or

advantage to himself or to preferred other persons). We further find that the appellant has nonfrivolously alleged that a reasonable person could believe that his email to the VA Secretary contained information evidencing a violation of a law, rule, or regulation requiring impartial selection procedures. *See Swanson v. General Services Administration*, 110 M.S.P.R. 278, ¶ 11 (2008) (observing that any doubt or ambiguity as to whether the appellant has made a nonfrivolous allegation of a reasonable belief should be resolved in favor of a finding that jurisdiction exists). Although the administrative judge stated in the initial decision that the appellant's alleged disclosures concerned his own personal grievances against the agency and that he did not have an altruistic motive in making them, ID at 5-6, an employee's motive for making a disclosure does not preclude it from being protected under 5 U.S.C. § 2302(b)(8), *see* 5 U.S.C. § 2302(f)(1)(C); *Ayers v. Department of the Army*, 123 M.S.P.R. 11, ¶ 20 (2015) (explaining that, although an appellant's motive in making a disclosure may be relevant to the determination of a reasonable belief, a disclosure is not excluded from protection based on the appellant's motive).

Moreover, we find that the appellant has nonfrivolously alleged that a delineation of duties that significantly increased his workload and a reprimand are personnel actions. IAF, Tab 5 at 16; *see* 5 U.S.C. § 2302(a)(2)(A)(xii) (defining "personnel action" as "any other significant change in duties, responsibilities, or working conditions"); *see also, e.g., Sutton v. Department of Justice*, 94 M.S.P.R. 4, ¶ 12 (2003) (finding that a letter of reprimand was a "personnel action" under 5 U.S.C. § 2302(a)(2)(A)(iii) as "an action under chapter 75 of this title or other disciplinary or corrective action"), *aff'd*, 97 F. App'x 322 (Fed. Cir. 2004). We further find that the appellant has nonfrivolously alleged that his supervisor and the Assistant ACOS had knowledge of his purported disclosure to the VA Secretary shortly before they issued him a

delineation of duties and a reprimand in April and September 2015, respectively.[7] IAF, Tab 5 at 5-7. Therefore, under the knowledge/timing test, we find that the appellant has nonfrivolously alleged that his purported disclosure to the VA Secretary regarding the selection process for the Chief of Psychology Service position was a contributing factor towards the delineation of his duties that increased his workload and his reprimand. *See Salerno,* 123 M.S.P.R. 230, ¶ 14 (observing that the Board has held that a personnel action taken within approximately 1 to 2 years of the appellant's disclosures satisfies the timing component of the knowledge/timing test).

However, we find that the appellant has failed to make a nonfrivolous allegation that his purported FOIA requests constitute protected disclosures. In particular, the appellant made the following assertions regarding his purported FOIA requests: on January 30, 2015, he filed a request under the FOIA/Privacy Act for all information related to the selection process for the Chief of Psychology Service position; on March 24, 2015, he received a partial response to his request; on April 15, 2015, he submitted an additional request to the Acting Director of TVAMC because the original response did not meet Federal guideline requirements; and his request to the Acting Director was denied and was forwarded to OGC, which has since accepted responsibility for investigating the issue of noncompliance. IAF, Tab 5 at 7-8, 15. The appellant's assertions fail to specify what, if any, information was disclosed in his purported FOIA requests.

---

[7] The record contains a memorandum dated September 11, 2015, that the appellant allegedly submitted to the TVAMC Acting Director. IAF, Tab 5 at 8, 35. In this memorandum, the appellant asserts that he filed a complaint with the VA Secretary "specifically citing 'command influence' (abuse of authority)," and that the complaint was forwarded to TVAMC. *Id.* at 35. The appellant further asserts in the memorandum that he received a response that did not resolve his complaint and to which he objected. *Id.* Based on the appellant's memorandum and his assertion that the VHA Acting Deputy Chief of Staff responded to his complaint on December 10, 2014, and placed the TVAMC Psychology Service on notice of his grievances, we find that the appellant has made a nonfrivolous allegation that his supervisor and the Assistant ACOS had knowledge of his purported disclosure to the VA Secretary by December 10, 2014. *Id.* at 7, 35.

Therefore, we find that the appellant's vague assertions regarding his purported FOIA requests fail to rise to the level of a nonfrivolous allegation of a protected disclosure.[8] *See El v. Department of Commerce*, 123 M.S.P.R. 76, ¶ 6 (2015) (stating that vague, conclusory, unsupported, and pro forma allegations of alleged wrongdoing do not meet the nonfrivolous pleading standard needed to establish the Board's jurisdiction over an IRA appeal), *aff'd*, 663 F. App'x 921 (Fed. Cir. 2016).

Accordingly, we find that the appellant has established jurisdiction over his claim that the delineation of duties, which resulted in an increase in his workload, and reprimand were retaliation for making a protected disclosure to the VA Secretary regarding the selection process for the Chief of Psychology Service position. Thus, we remand this IRA appeal for a hearing on the merits of his reprisal claim. *See Rebstock Consolidation*, 122 M.S.P.R. 661, ¶ 9. In that proceeding, the appellant shall bear the burden of proving by preponderant evidence that he made a protected disclosure that was a contributing factor in a personnel action. *Aquino v. Department of Homeland Security*, 121 M.S.P.R. 35, ¶ 10 (2014).

---

[8] Moreover, we find that the appellant has failed to make a nonfrivolous allegation that his purported FOIA requests constitute protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). In particular, even if the appellant's purported April 15, 2015 request was an appeal of the agency's insufficient response to his original FOIA request for information related to the selection process, he does not claim that he sought to remedy whistleblower reprisal in such a FOIA appeal. Thus, we find that he has failed to nonfrivolously allege that such a FOIA appeal constitutes protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i). *Cf. Mattison v. Department of Veterans Affairs*, 123 M.S.P.R. 492, ¶¶ 7-8 (2016) (finding that the appellant's claim of retaliation for filing a FOIA appeal in which he did not seek to remedy whistleblower reprisal arose under 5 U.S.C. § 2302(b)(9)(A)(ii)).

## ORDER

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

*Gina K. Grippando*

FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.